■ RAFAEL PEREZ et al., Appellants, v GATEWAY REALTY LLC, Respondent, et al., Defendant. [42 NYS3d 20]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered February 24, 2015, which granted the motion of defendant property owner Gateway Realty LLC (Gateway) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff Rafael Perez, who was the superintendent at Gateway's building, sustained neck and back injuries after following a directive from Gateway's principal to move an elevator motor, which weighed between 500 and 600 pounds, and which rested atop a dolly, from the freight elevator to the street. As plaintiff pushed the old motor out of the building with the assistance of another worker, a wheel of the dolly became stuck in a sidewalk crack. Plaintiff was injured when he lifted the dolly just enough, as the other worker pulled the dolly with a rope, to free the dolly wheel and to move the motor to the curbside.

Notwithstanding that the trial court did not reach the workers' compensation issue, because the issue is determinative and the record on appeal is sufficient to permit our review, we reach it (*Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp.*, 65 AD3d 405 [1st Dept 2009]).

Dismissal of the action as against Gateway is warranted, since it is barred by the Workers' Compensation Law. The record shows that plaintiff received workers' compensation benefits. Moreover, other evidence, including Gateway's payroll records, the relevant employment tax documents (including plaintiff's W-2 form), Gateway's reimbursement of a purported employer of plaintiff (the building's property manager) for workers' compensation premiums the property manager paid on plaintiff's behalf, and plaintiff's receipt of work instructions from Gateway's principal, combined to demonstrate an employee/employer relationship between Gateway and plaintiff (*see Clifford v Plaza Hous. Dev. Fund Co., Inc.*, 105 AD3d 609 [1st Dept 2013]). For purposes of plaintiff's employment, Gateway and the property manager "functioned as one company" in managing and paying him, notwithstanding that Gateway and the property manager had distinct business

purposes (*Privette v Precision El.*, 140 AD3d 591, 591 [1st Dept 2016]). Concur—Friedman, J.P., Saxe, Richter, Gische and Kapnick, JJ.